UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-24287-GRAHAM/MCALILEY

KENNETH GRAHAM,

    Plaintiff,

vs.

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CONSENT MOTION
## FOR ATTORNEY'S FEES UNDER THE EAJA

Plaintiff has filed a Consent Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), which the Honorable Donald L. Graham referred to me for a report and recommendation. (ECF Nos. 2, 25). The Court previously entered final judgment in favor of Plaintiff, reversed the decision of the Commissioner and remanded this matter for further proceedings. (ECF No. 24). Plaintiff now seeks recovery of his attorney's fees under the EAJA, which total $6,308.66. (ECF No. 25). The Commissioner has no objection to the relief sought. (*Id*. at 6).

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). There is no

dispute that Plaintiff is the prevailing party. The Commissioner does not contend that its position was substantially justified, or that special circumstances make an award of attorney's fees unjust. Therefore, I conclude that Plaintiff is entitled to recover his attorney's fees under the EAJA.

As for the amount of fees, the EAJA provides that: "The amount of fees awarded under this subsection shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff's attorney asks to be compensated at an hourly rate of $217.54 for work done in years 2021 and 2022, (ECF No. 25 at 6), which is within the range of market rates for South Florida attorneys who represent plaintiffs in similar actions.

Because the market rate exceeds the $125 per hour statutory rate set by the EAJA, the Court must decide whether to adjust the statutory hourly fee above the statutory $125 hourly rate, to take into account the increase in the cost of living, or special factors. This is not a difficult decision, as the application of the cost-of-living adjustment is considered "next to automatic." *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n. 9 (11th Cir. 1992). I agree with Plaintiff that the $217.54 hourly rate sought is warranted given the increase in the cost of living that has occurred since the EAJA was reenacted in March 1996. I have reviewed the billing entries of Plaintiff's counsel, (ECF No. 25 at 2), which reflect that he spent 29.0 hours working on this action. (ECF No. 25 at 2). I find that these time expenditures were

reasonable and, therefore, recommend that the Court award Plaintiff attorney's fees totaling $6,308.66.

In his Motion, Plaintiff states that following an award of attorney's fees under the EAJA, the Commissioner will verify whether Plaintiff owes a federal debt and, if not, the award will be paid directly to Plaintiff's counsel. (ECF No. 25 at 1). For the following reasons, the record supports this request.

Attorney's fees awarded under the EAJA are payable to the prevailing party and not to the party's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). That payment, however, is subject to government offset to satisfy any pre-existing debt the litigant owes the United States. *Id.*

A prevailing litigant may assign his right to recover EAJA fees to his attorney, which Plaintiff did here. (ECF No. 25-1). The assignment, though, is not valid unless it complies with the Anti-Assignment Act, 31 U.S.C. § 3727(b). *See Sanchez v. Commissioner of Social Security*, No. 6:11-cv-1745-Orl-22GJK, 2013 WL 1611332 at *1 (M.D. Fla. March 28, 2013) (*adopted by Sanchez v. Commissioner of Social Security*, 2013 WL 1611329 (M.D. Fla. April 15, 2013)); *see also Young v. Astrue*, No. 3:09-CV-132-CDL-MSH, 2011 WL 1196054 at *3 (M.D. Ga. Feb. 24, 2011) (finding that "the Anti-Assignment Act [31 U.S.C. § 3727] applies to EAJA awards") (citations omitted) (*adopted by Young v. Astrue*, 2011 WL 1154362 (M.D. Fla. March 28, 2011)).

The Anti-Assignment Act specifies the circumstances under which a claim against the United States can be assigned. It states in pertinent part that:

> A transfer or assignment of any part of a claim against the United States … or the authorization to receive payment for any part of the claim … may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(a), (b).

Plaintiff submitted a copy of an Assignment of Fee, wherein he states that "I assign any right of interest I may have in the award of an EAJA fee and understand that the EAJA award shall be paid to my attorney, David B. Goetz, to compensate counsel for the work performed on this case in the U.S. District Court." (ECF No. 25-1). I have carefully reviewed this Assignment and find that it does not comply with the Anti-Assignment Act because it was made before Plaintiff's claim for attorney's fees was allowed and the amount decided, and it was not attested to by two witnesses. Although Plaintiff's Assignment is invalid, the Commissioner may waive the requirements of the Anti-Assignment Act and recognize the Plaintiff's assignment. *See Delmarva Power & Light Co. v. U.S.,* 542 F.3d 889, 893-94 (Fed. Cir. 2008). The Commissioner did so here, as she did not object to Plaintiff's motion which clearly requested that any fee award be paid to Plaintiff's counsel if Plaintiff does not owe a federal debt.

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that Plaintiff's Consent Motion for Attorney's Fees, (ECF No. 25), be **GRANTED** and that Plaintiff be awarded **$6,308.66** in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, subject to offset against any pre-existing debt that Plaintiff may owe to the United

States. If the United States Department of Treasury determines that Plaintiff has no outstanding debts to the United States, the attorney's fee award should be made payable to Plaintiff's attorney, David B. Goetz, Esq.

**No later than 7 days from the date of this Report and Recommendation**, the parties may file any written objections to this Report and Recommendation with the Honorable Donald L. Graham who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in chambers in Miami, Florida this 23rd day of August, 2022.

*[signature]*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Donald L. Graham
    Counsel of record